1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

TARA FLYNN, by and through her
12 Guardian Ad Litem, MICHAEL          NO. CIV. 2:09-00588 WBS GGH
THOMAS FLYNN

13

           Plaintiff,               ORDER RE: PETITION FOR
14                                   COMPROMISE OF CLAIM OF
      v.                             INCOMPETENT PERSON

15

MONTE ROBERT ROSS, an
16 individual; NORCO, a business
entity form unknown; NORCO
17 GOODYEAR SERVICE STATION, a
business entity form unknown;
18 NORCO SERVICE STATION, a
business entity form unknown;
19 NORCO SERVICE CENTER, a
business entity form unknown;
20 RUSS M. NORTON, an individual;
CONESTOGA CONDOMINIUM
21 ASSOCIATION; DOES 1-25,

22         Defendants.
                                  /
23

24                        ----oo0oo----

25         Plaintiff Tara Flynn, by and through her Guardian Ad

26

27

28

                              1

1   Litem,[1] Michael Thomas Flynn ("petitioner"), brought this action

2   alleging negligence, negligence per se, and negligent hiring and

3   retention against defendants Monte Roberts, Norco, Norco Goodyear

4   Service Station, Norco Service Station, Norco Service Center,

5   Russ M. Norton, Conestoga Condominium Association, Norco Loader

6   Services, and Does 1-50.  Plaintiff's claims were dismissed

7   against all parties except Monte Robert Ross, Norco Loader

8   Services, Russ M. Norton, and Conestoga Condominium Association.

9   Defendants Norco Loader Services, through its insurance carrier,

10  and the Conestoga Condominium Association agreed to a settlement

11  with petitioner and plaintiff's attorneys over plaintiff's

12  action.  On August 28, 2009, petitioner filed a petition to

13  approve the terms of the settlement agreement.  Defendants have

14  not filed an opposition to the petition.  Before the court is the

15  petition for approval of the settlement agreement reached by the

16  parties.

17       The action was settled through mediation before Hon.

18  Robert T. Altman (ret.) of ADR Services in Los Angeles,

19  California.  (Petition for Compromise of Claim of Incompetent

20  Person ¶ 1.)  Defendant Norco Loader Services, through its

21  insurance carrier, has agreed to pay plaintiff the policy limit

22  of $1,000,000.  (Id. ¶ 16.)  An independent investigation

23

24       [1]   Plaintiff is an adult "person with a disability" within
    the meaning of California Probate Code Section 3603.  Plaintiff
25  is a 23 year old citizen of Ireland who has severe neurological
    deficits as the result of brain injuries from a fatty embolism
26  caused by a severe pelvic fracture sustained when plaintiff was
    struck with a snow loader by defendant Monte Robert Ross.  (See
27  Petition for Compromise of Claim of Incompetent Person Ex. 1.)
    She requires assistance for activities of daily living and is
28  unable to return to independence.  (Id.)

1  ascertained that there are no assets over and above the insurance

2  policy that would contribute additional funds to the settlement.

3  (Id.)  Defendant Conestoga Condominium has agreed to pay $10,000

4  despite questionable liability in the action.[2]  (Id.)

5         Plaintiff's travel insurance company, Global Excel,

6  asserted a medical lien of $435,749.59 at the outset of the case,

7  pursuant to an Irish Travel Policy.  (Supplemental Decl. Of

8  Charles G. Warner ¶ 2.)  Plaintiff initially believed that Global

9  Excel was willing to accept $8,001.86 of plaintiff's settlement

10 funds in satisfaction of the lien.  However, after the filing of

11 this petition Global Excel's attorneys clarified that Global

12 Excel's acceptance of the reimbursement amount[3] was conditioned

13 upon petitioner giving up a right to pursue reimbursement for

14 payments he made out of pocket to the Kessler Coma Institute and

15 Barcelona Coma Facility which Global Excel claims are not covered

16 under its policy.  (Id.)  Since petitioner is unwilling to waive

17 this right, he and Global Excel have agreed that the right of

18 petitioner to recover funds from Global Excel and Global Excel's

19 right to recover any funds from plaintiff's net settlement shall

20

21

22    [2]    At the time of the incident that led to plaintiff's
   condition Conestoga Condominium had independent contractor
23 agreements with defendants, making their liability questionable.
   (Petition for Compromise of Claim of Incompetent Person ¶ 16.)

24    [3]    The reimbursement amount was calculated by Hon. Robert
   T. Altman (ret.) during mediation according to the method
25 prescribed by Irish law.  (Petition for Compromise of Claim of
   Incompetent Person ¶ 11.)  Under Irish law the repayment of the
26 lien is assessed by calculating the ratio between the actual
   amount recovered and the overall value of the case.  (Id.)  The
27 mediator valued the case at $50,000,000, which along with the
   recovered amount of $1,010,000 is the basis for the reimbursement
28 figure.  (Id.)

1 be deferred for decision to the Irish courts.

2      Under the proposed settlement plaintiff will receive

3 $1,010,000- $666,545.05 (two-thirds) personally and $343,454.95

4 (one-third) for attorneys fees and costs.  The court has

5 considered all of the papers on file, and has questioned the

6 guardian ad litem and counsel at the hearing on this motion on

7 September 28, 2009, and as a result finds that the proposed

8 settlement is reasonable and in the best interests of all

9 parties.

10      IT IS THEREFORE ORDERED that plaintiff's motion for

11 approval of compromise of pending claim of an incompetent person

12 be, and the same hereby is, GRANTED.

13      IT IS FURTHER ORDERED that:

14      (1) The proposed compromise of the action and

15 disposition of the proceeds of the compromise settlement is

16 hereby approved;

17      (2) Attorney fees and costs advanced in the total

18 amount of $343,453.95 are hereby authorized to be paid out of the

19 proceeds of the settlement, and the payer shall pay by one or

20 more checks or drafts, drawn payable to the order of the

21 petitioner and petitioner's attorneys.  The attorney fees and

22 costs advanced shall be payable as follows:

23           (a) $139,021.21 to Schaffer, Lax, McNaughton, &

24 Chen

25           (b) $204,433.74 to Charles W. Warner;

26      (3) The settlement funds in dispute between Global

27 Excel and petitioner shall be maintained in plaintiff's Trust

28

4

1  Account until further order of the Irish Courts;

2          (4) The balance of $666,545.05 is ordered to be payable

3  to "J.P. Morgan Chase on behalf of Tara Flynn" and deposited in

4  an account.  Within 48 hours of receipt of the check or draft

5  described herein above the petitioner must deposit the check or

6  draft in the claimant's name in one or more accounts at: J.P.

7  Morgan Chase, 1999 Avenue of the Stars, Los Angeles, California

8  90007.  Plaintiff's guardian ad litem, petitioner Michael Thomas

9  Flynn, may withdraw funds from the account or accounts in such

10  amounts and at such times as shall in petitioner's sound

11  discretion be in the best interests of plaintiff;

12          (5) Petitioner is authorized and directed to execute

13  any and all documents reasonably necessary to carry out the terms

14  of the settlement; and

15          (6) As soon as the High Court of Ireland establishes a

16  "Wardship of an Adult Person With a Disability" for plaintiff,

17  Solicitor John Power and petitioner's current counsel shall take

18  the necessary steps for the transfer of plaintiff's funds to the

19  court administered Wardship in Ireland.

20  DATED:  September 28, 2009

21

22  _____
     WILLIAM B. SHUBB

23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28